**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CALVIN GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-CV-13984 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| JOHN ZANDER, CECILIA ABUNDIS, | ) | |
| MARIO TRETO, AND ILLINOIS | ) | |
| DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Calvin Grant, an ophthalmologist and retinal surgeon, brings some 22 claims against the Illinois Department of Financial and Professional Regulation (for convenience's sake, the Department) and its Director, Secretary, and Deputy Medical Coordinator. R. 1, Compl.[1] Grant sued *pro se* in response to the Department's suspension of his medical license and asserts many claims, including constitutional due process and equal protection claims, 42 U.S.C. § 1983, and various theories of fraud under state and federal law (as best as the Court can discern). *Id.* at 11–20. Grant also moves for a preliminary injunction to stay the Department's suspension of his license. *Id.* at 20–22. The Defendants move to dismiss the Complaint under Civil Rules 12(b)(1) and 12(b)(6) and oppose the injunction motion. R. 13, Defs.' Mot.; R. 14, Defs.' Br.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

# I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In 2011, Grant treated a patient who then sued him for medical malpractice. Compl. ¶¶ 1, 20; R. 14-1, Defs.' Br., Exh. A.[2] That case was settled in 2016. Compl. ¶ 20. Earlier, in 2013, Grant's privileges at the Advocate Christ Medical Center, where he worked, were terminated. *Id.* ¶ 16. Then, in 2017, the Department filed an administrative complaint against Grant for his treatment of the patient. *Id.* ¶ 26; R. 14-2, Defs.' Br., Exh. B. Grant alleges that the Department's complaint was initiated after Dr. Zander referred him for prosecution. Compl. ¶ 22. After a hearing, Cecilia Abundis, the Director of the Department, issued a Final Decision in July 2023. Compl. ¶¶ 1, 36; Defs.' Br., Exh. B. The Department found that Grant had violated the Illinois Medical Practice Act, 225 ILCS 60/1, so it suspended Grant's license and imposed a fine. *Id.*

The next month, on August 29, 2023, Grant sued Treto, Abundis, and the Department in the Circuit Court of Cook County, seeking administrative review of the Department's decision to suspend his license. R. 14-3, Defs.' Br., Exh. C. Then, on September 21, 2023, Grant filed this lawsuit in federal court, seeking damages and injunctive relief to reinstate his medical license. *See* Compl.

---

[2]The Court may take judicial notice of the state court and administrative filings, even though Grant did not attach them as exhibits to his Complaint, as they are matters of public record. *See Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. ShoreBank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), whereas a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(1) motion, the petitioner must establish that the district court has subject-matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2011), *overruled on other grounds*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *Id.*

### III. Analysis

### A. Damages

The Defendants move to dismiss Grant's constitutional claims for damages under 42 U.S.C. § 1983 on immunity grounds. Defs.' Br. at 5–6, 8–10; *see* Compl. at 11–14, 17–20 (Counts 2, 3, 8, 16, 17, 19, 20, and 22, as best as the Court can discern). They argue that the Eleventh Amendment bars such claims against the Department and the individuals in their *official* capacities, and absolute immunity bars the claims against the individuals in their *personal* capacities. Defs.' Br. at 5–6, 8–10.

The Eleventh Amendment prohibits suits against a state for monetary damages in federal court. U.S. Const. amend. XI; *see Edelman v. Jordan*, 415 U.S. 651,

4

662–63 (1974). Assuming Grant brought claims against Zander, Abundis, and Treto in their official capacities (though the Complaint is not clear on this point), the Eleventh Amendment's protection extends to state employees sued in their official capacities as well. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). There is a narrow exception to states' sovereign immunity for prospective relief, but "for claims seeking a monetary judgment, only congressional abrogation or waiver by the state itself can overcome a state's sovereign immunity." *Gerlach v. Rokita*, 95 F.4th 493, 499 (7th Cir. 2024). Neither congressional abrogation nor state waiver applies in this case, so Grant cannot recover damages from the Department and the individuals sued in their official capacities. The Defendants' motion to dismiss the § 1983 damages claims is granted, and the claims are dismissed with prejudice because amending the Complaint would be futile. *See O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 347 (7th Cir. 2018).

Section 1983 claims for damages against individuals sued in their *personal* capacities are not barred by the Eleventh Amendment. *See Luder v. Endicott*, 253 F.3d 1020, 1022–23 (7th Cir. 2001). But the Defendants argue that those claims are barred here under the doctrine of absolute immunity for judicial or prosecutorial—or at least quasi-judicial or quasi-prosecutorial—actions. Defs.' Br. at 8–9. "Absolute immunity protects members of quasi-judicial adjudicatory bodies when their duties are functionally equivalent to those of a judge or prosecutor." *Heyde v. Pittenger*, 633 F.3d 512, 517 (7th Cir. 2011) (citing *Butz v. Economou*, 438 U.S. 478, 512–13 (1978)). And "officials who are responsible for the decision to initiate … a proceeding subject to

5

agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz*, 438 U.S. at 516. Courts "take a functional approach to determining whether absolute immunity is appropriate," and "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521–22 (7th Cir. 2001). The Complaint's (brief) allegations about Abundis, Treto, and Zander all involve their quasi-judicial functions with the Department. First, Grant alleges that "the Department[], represented by Cecilia Abundis and Mario Treto, suspended his medical license." Compl. ¶ 1. Second, Grant alleges that "Dr. Zander, a deputy at the Department, referred Dr Grant for prosecution" and made erroneous statements about Grant's treatment of the patient. *Id*. ¶ 22–25.

The Department is a quasi-judicial body with the authority to "revoke, suspend, place on probation, reprimand, refuse to issue or renew, or take any other disciplinary or non-disciplinary action … with regard to the license or permit of any person issued under" the Medical Practice Act. 225 ILCS 60/22. Abundis, the Director of the Department, issued a Final Decision suspending Grant's license following briefing, a hearing, and a recommendation from an Administrative Law Judge. *See* Defs.' Br., Exh. C. Independent of money damages, Illinois law provides safeguards to review the Department's decisions on appeal, including any erroneous statements that Zander may have made in referring Grant for prosecution. 225 ILCS 60/41. Indeed, Grant took advantage of these safeguards by seeking review of the Department's decision in state court. *See* Defs.' Br., Exh. C. Abundis, Treto, and Zander's "actions

6

while performing their duties as instructed by Illinois statutes, [Grant's] ability to present evidence and question witnesses, his ability to appeal … to the Illinois courts, and the need to protect [Department] members from fear of intimidation and litigation, fall squarely within the *Butz* factors," entitling them to absolute immunity. *Heyde*, 633 F.3d at 519. So the § 1983 claims for damages against Treto, Abundis, and Zander are dismissed with prejudice, again because amending the Complaint would be futile for these claims. *See O'Boyle*, 910 F.3d at 347.

### B. Injunctive Relief

The Defendants move to dismiss Grant's claims for injunctive relief under the *Younger* abstention doctrine. Defs.' Br. at 6–8; *see Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 436–37 (1982); *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998). When the Defendants filed their motion to dismiss, the state court proceeding was pending, and the Circuit Court had denied Grant's motion to stay the Department's decision to suspend his license after a hearing. *See* Defs.' Br., Exh. C; R. 14-5, Defs.' Br., Exh. E; R. 14-6, Defs.' Br., Exh. F. Now, however, the Circuit Court of Cook County has issued a final order, and the First District Appellate Court denied Grant's

motion for leave to appeal the decision, so the state court proceeding is over. R. 29, Defs.' Status Rep. at 2.

In any event, the *Younger* factors would all favor abstention in this case if the state court lawsuit was still ongoing. First, the state court proceeding is evidently a judicial proceeding in nature. Second, as the Seventh Circuit has held, "[Department] proceedings implicate important state interests in the regulation and licensing of" healthcare professionals. *Green*, 281 F.3d at 666 (citing *Majors,* 149 F.3d at 713 ("That the regulation and licensing of healthcare professionals is an important matter of state concern is beyond dispute.")).

Third, as the Seventh Circuit has also held, "state-court administrative review of the [Department's] proceedings constitutes an adequate opportunity" for Grant to raise his constitutional and other challenges. *Green*, 281 F.3d at 666 (citing *Ohio C. R. Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 629 (1986)). Grant could have brought all of the claims he asserted in this lawsuit, and in fact did raise some of them, in his state court claim for administrative review. *See* Defs.' Br., Exh. C; *Green*, 281 F.3d at 666; *Stykel v. City of Freeport,* 742 N.E.2d 906, 914 (Ill. 2001); *Nelson v. Murphy,* 44 F.3d 497, 502 (7th Cir. 1995). Even if Grant did not bring certain claims in state court, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987); *see Green*, 281 F.3d at 666.

8

Finally, Grant has not met his burden of demonstrating that extraordinary circumstances exist. *See Ramsden v. AgriBank, FCB,* 214 F.3d 865, 871 (7th Cir. 2000). As best as the Court can determine, Grant argues that extraordinary circumstances exist because the suspension of his license impacts a federal interest by halting his work on long COVID-19, the Department acted in bad faith when it suspended his license, the Department was not impartial in deciding his case, and he was selectively prosecuted by the Department. R. 18, Pl.'s Resp. at 7–9. These arguments are vague and speculative at best, and do not amount to extraordinary circumstances warranting this Court's intervention in the state court proceedings. Grant may, and indeed has, pursued his arguments about the merits of the Department's decision in Illinois state court. *See* Defs.' Br., Exhs. C, E, F.

But because the state court proceedings are now over, *Younger* abstention does not apply. Instead, the Court lacks subject matter jurisdiction to issue injunctive relief under the *Rooker-Feldman* doctrine, which prevents federal district courts from undoing state court judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D. C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The idea behind *Rooker-Feldman* is that the Supreme Court is the only federal court that has jurisdiction to review the decisions of state courts in civil cases. *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008). This means that any request for "a remedy for an injury caused by [a state court] judgment" cannot be granted. *Id.* at 568 (7th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The "vital question" for application of *Rooker-Feldman* "is whether the federal plaintiff seeks the alteration

9

of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). If there is "no way for the injury complained of by a plaintiff to be separated from a state court judgment," then *Rooker-Feldman* applies. *Mains v. Citibank*, 852 F.3d 669, 675 (7th Cir. 2017) (quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.,* 837 F.3d 736, 742 (7th Cir. 2016)). Here, Grant asks this Court to undo the Department's suspension of his license, after he already sought review of the same decision in Illinois state court. So this Court does not have jurisdiction to decide Grant's claim for injunctive relief under the *Rooker-Feldman* doctrine because it would necessarily require reviewing the state court's judgment on the Department's order.

The Defendants' motion is granted, albeit on different grounds, and all of Grant's federal claims for injunctive relief are dismissed without prejudice for lack of subject matter jurisdiction.[4]

### C. Other Federal Claims

Besides his constitutional claims under 42 U.S.C. § 1983, Grant also brings various claims against the Defendants based on other federal laws. Counts 1 and 18 cite the "FDCA" (presumably the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 9); Counts 6 and 7 cite 18 U.S.C. § 241; Count 9 cites 18 U.S.C. § 1001; and Counts 11, 13, and 15 cite 18 U.S.C. § 242. The Defendants move to dismiss these claims because the cited statutes do not confer private rights of action. Defs.' Br. at 10–11. The Defendants are correct. *See Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d

---

[4]As explained below, this Opinion does not decide the state law claims for injunctive relief because the Court is relinquishing jurisdiction over those claims.

639, 645 (7th Cir. 2019) ("The FDCA does not create a private right of action."); *McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555 (7th Cir. 2015) (nonprecedential disposition) (holding that 18 U.S.C. § 241 is a criminal statute that does not provide a right of action); *Nasserizafar v. Indiana Dep't of Transp.*, 546 Fed. App'x 572, 574 (7th Cir. 2013) (nonprecedential disposition) (holding that a plaintiff's appeal of the district court's decision that "§ 242 does not create a private right of action" was frivolous). So these claims are dismissed with prejudice, because amending the Complaint would be futile for these claims. *See O'Boyle*, 910 F.3d at 347.

### D. State Law Claims

Finally, Grant brings some claims against the Defendants based on state laws. *See* Compl. at 12–16, 19 (Counts 4, 5, 6, 10, 12, 14, and 21, as best as the Court can discern). The Defendants ask that the Court relinquish jurisdiction over these claims. Defs.' Br. at 12–13. "When federal claims drop out of the case," the trial court has "broad discretion to decide whether to ... relinquish supplemental jurisdiction over the state-law claims"—with a "general presumption in favor of relinquishment." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012); *see* 28 U.S.C. § 1367(c)(3). In light of this presumption, the Court relinquishes jurisdiction over Grant's state law claims.

### IV. Conclusion

The Defendants' motion to dismiss, R. 13, is granted as to the federal claims. Grant's federal claims for injunctive relief are dismissed without prejudice for lack of subject matter jurisdiction, though the judgment is final. The federal claims for

damages are dismissed with prejudice, and the Court relinquishes jurisdiction over the state law claims. Grant's preliminary injunction motion, R. 1, is terminated as moot in light of the dismissal.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 27, 2024